392 F.2d 171
 AMERICAN STATES INSURANCE CO., Plaintiff-Appellee,
v.
The HANNAN CONSTRUCTION CO., Defendant-Appellant.
AMERICAN STATES INSURANCE CO., Plaintiff-Appellee,
v.
The WHITEHILL COMPANY, Defendant-Appellant.
AMERICAN STATES INSURANCE CO., Plaintiff-Appellee,
v.
GIANT TIGER MANSFIELD DRUGS, INC., Defendant-Appellant.
The WHITEHILL COMPANY, Defendant-Appellant,
v.
The HANNAN CONSTRUCTION CO., Defendant-Appellee (two cases).
GRANITE STATE INSURANCE CO., Plaintiff-Appellee,
v.
The HANNAN CONSTRUCTION CO., Defendant-Appellant.
GRANITE STATE INSURANCE CO., Plaintiff-Appellee,
v.
The WHITEHILL COMPANY, Defendant-Appellant.
GRANITE STATE INSURANCE CO., Plaintiff-Appellee,
v.
GIANT TIGER MANSFIELD DRUGS, INC., Defendant-Appellant.
 Nos. 17571-17578.
 United States Court of Appeals Sixth Circuit.
 March 29, 1968.
 
 Marvin L. Karp, Cleveland, Ohio (Ulmer, Berne, Laronge, Glickman & Curtis, Cleveland, Ohio, on the brief), for American States Ins. Co. and Granite State Ins. Co.
 Frank S. Hurd, Cleveland, Ohio (C. Reynolds Keller, Jr., Johnson, Weston, Hurd, Fallon, Sullivan & Paisley, Cleveland, Ohio, on the brief), for Hannan Const. Co.
 Jerome Goldman, Cincinnati, Ohio (Douglas G. Cole, Goldman, Cole & Putnick, Cincinnati, Ohio, on the brief), for Giant Tiger Mansfield Drugs, Inc. and the Whitehill Company.
 Before WEICK, Chief Judge, and PHILLIPS and CELEBREZZE, Circuit judges.
 PER CURIAM.
 
 
 1
 These consolidated appeals are from the award of damages made by the District Court in two subrogation actions brought by insurance companies to recover for amounts paid to their insureds on account of a fire loss. The insureds were sublessees of premises used for the sale of furniture and appliances.
 
 
 2
 The jury returned a verdict of $50,152.68 in favor of Granite State Insurance Company and $25,894.16 in favor of American States Insurance Company. Judgments were rendered in these amounts against the construction company which erected the building, the owner and the lessor of the building.
 
 
 3
 The insurance companies alleged that the construction company failed to use ordinary care in erecting the building and failed to comply with various fire prevention provisions of the Ohio Building Code.
 
 
 4
 District Judge William K. Thomas rendered a comprehensive and well-reasoned opinion in overruling motions for a new trial and judgment n.o.v., 283 F.Supp. 988. We approve the following language of the opinion of Judge Thomas:
 
 
 5
 'The evidence permitted the jury to find that no dry wall was erected above the top of the partitions; that no acoustical false ceiling continued over the storage areas; and that the space above the false ceiling, referred to as the plenum space in the testimony, was not enclosed or sealed off above the partition walls. Lacking a fire resistant false ceiling the storage areas opened directly into the plenum space. The jury was entitled to find that the open plenum space provided the oxygen and up-draft which spread the 'lively' fire after it commenced. * * *'
 
 
 6
 We hold that from the evidence introduced at trial the jury was entitled to find that the defendant Hannan Construction Company violated the Ohio Building Code in several respects and that these violations were a proximate cause of the fire damage.
 
 
 7
 There was sufficient evidence from which the jury could have found that subsequent construction and alterations by the owner and the lessor, acting jointly, violated the Ohio Building Code and proximately caused the damage. We agree with the District Court's conclusion that 'under all the evidence it appears that the defendants Whitehill and Giant Tiger might reasonably anticipate that 'an imminently dangerous or defective condition' would be created by building and installing non-fire-resistant storage bins in which combustible materials might ignite and the fire might spread beyond the bins to other parts of the building.'
 
 
 8
 Another issue in this case involves the interpretation of an exculpatory provision in the lease. We agree with the District Court's construction that the lessor was not exculpated from its own acts of negligence under the facts of the present case.
 
 
 9
 Affirmed.